UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: 9:10-cv-80771-KLR

|  |  |
|---|---|
| Roy Magnifico, Roma Lim, Rezza Real, Jeanette Halup, Bonifacio Ramos, Lucille Liwag, Ross Ripotola, Raul Rueda, Aries Caluya, Aris Ordonez, Ritche Relampagos, Percival De Quiros, and Jose Auingan,<br><br>    Plaintiffs<br><br>v.<br><br>Roberto Villanueva, Lina Fernandez, Star One Staffing, Inc., Star One Staffing International, Mary Jane Hague, John Carruthers, and Ruth Carruthers,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and S.D. Fla. L.R. 16.1(b)(2), Plaintiffs hereby file this report.

1.  Plaintiffs have successfully served defendants Star One Staffing, Inc., Star One Staffing International, John Carruthers and Ruth Carruthers. Plaintiffs are engaged in ongoing efforts to locate and serve the remaining defendants, Mary Jane Hague, Lina

1

Fernandez and Roberto Villanueva, within the time limits prescribed by Fed. R. Civ. P. 4(m). As Defendants have either not yet been served or filed responsive pleadings, the parties have not held a conference pursuant to Fed.R.Civ.P. 26(f) and S.D. Fla. L.R. 16.1(b)(1). Thus, Plaintiffs submit this Scheduling Report and proposed Scheduling Order unilaterally and propose to hold a conference with Defendants and submit an Amended Scheduling Report and proposed Scheduling Order promptly once Defendants have been served and enter an appearance in this matter.

2.  **Pre-discovery Disclosures.**   Plaintiffs propose that the parties exchange the information required by Fed.R.Civ.P. 26(a)(1) within 14 days of the parties' Scheduling Conference.

3.  **Discovery Plan.**   Plaintiffs propose to the Court the following discovery plan:

*(A)   Discovery will be needed on the following subjects:*
All claims and defenses raised in this action and all matters reasonably calculated to lead to the discovery of admissible evidence.

(B)   *All discovery commenced in time to be completed by* January 1, 2011.

(C)   *Maximum of 30 interrogatories by each party to any other party. Responses due* 30 days *after service unless extended by agreement of the parties.*

(D)   *Maximum of* 30 *depositions by Plaintiffs and* 30 *by Defendants, absent leave of the Court.*

    (E)    *Each deposition limited to maximum of* <u>seven (7)</u> *hours unless extended by agreement of the parties.*

    (F)    *Reports from retained experts under Rule 26(a)(2) due:*

        *From the Plaintiffs by* <u>May 15, 2011.</u>

        *From the Defendants by* <u>June 15, 2011.</u>

    (G)    *Supplementations under Rule 26(e) due by* <u>April 1, 2012.</u>

**4.    Other Items.**

    (A)    *Plaintiffs* <u>do not request</u> *a conference with the Court before entry of the scheduling order.*

    (B)    *The parties request a pretrial conference in* <u>April, 2012</u>.

    (C)    *Plaintiffs should be allowed until* <u>May 1, 1011</u> *to join additional parties and until* <u>May 1, 2011</u> *to amend the pleadings.*

    (D)    *Defendants should be allowed until* <u>May 1, 2011</u> *to join additional parties and until* <u>May 1, 2011</u> *to amend the pleadings.*

    (E)    *All potentially dispositive motions should be filed by* <u>February 1, 2012</u>.

(F)   *Final lists of witnesses and exhibits under Rule 26(a)(3) should be due*

   *From the Plaintiffs by* April 1, 2012.

   *From the Defendants by* April 1, 2012

(H)   *Parties should have* 30 days *after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).*

(I)   *The case should be ready for trial by* June 1, 2012 *and at this time is expected to take approximately* twenty (20) days.

(J)   Plaintiffs may be unable to travel to Florida for the purposes of deposition and/or trial. Plaintiffs therefore anticipate conducting some or all of the depositions of these individuals *de bene esse*.

**5.   Additional information required by S.D. Fla. L.R. 16.1(b)(2), not included in the foregoing:**

   (A)   *Likelihood of settlement:*

   Plaintiffs submit that settlement may be possible once initial discovery is completed.

   (B)   *Likelihood of appearance in the action of additional parties.*
   Plaintiffs are aware of other individuals who were subjected to the same

4

mistreatment as Plaintiffs. It is possible that some of these individuals may join this litigation.

(E) *Necessity or desirability of amendments to the pleadings.* Plaintiffs anticipate that they will need to amend the pleadings at least once to add causes of action and possibly to include additional parties.

(F) *Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.* Plaintiffs will attempt to resolve any disputes regarding authenticity of documents prior to trial and anticipate no difficulties in this regard at this time.

(G) *Suggestions for the avoidance of unnecessary proof and of cumulative evidence.* The scope of this case cannot be fully determined until Defendants have submitted a response and counsel for Plaintiffs and Defendants have had an opportunity to conduct a scheduling meeting.

Plaintiffs anticipate offering deposition testimony to be used in lieu of live testimony at trial, both because of the difficulty for some Plaintiffs to travel to Florida for the purpose of trial, and in order to streamline the trial in this matter.

(H) *Suggestions on the advisability of referring matters to a magistrate judge or master.*   Plaintiffs do not anticipate extensive discovery disputes requiring resolution by the Court.  However, should such issues arise referral to a magistrate may be helpful.

(K)  *Other information that might be helpful to the Court in setting the case for status or pretrial conference.*   Plaintiffs submit that because Plaintiffs do not currently reside in Florida, they are likely to need to travel to attend trial.  Additionally, Plaintiffs are represented by a law school clinic.  Thus, Plaintiffs' travel and the efficient scheduling of student attorneys' time will be greatly facilitated if the Court can provide a date certain for trial.

Respectfully submitted,

For the Plaintiffs:

*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
MIGRANT FARMWORKER JUSTICE PROJECT
508 Lucerne Avenue
Lake Worth, Florida   33460-3819

Telephone:     (561) 582-3921

       Facsimile:     (561) 582-4884
       e-mail: Greg@Floridalegal.Org