UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:10-CV-80771-KLR

ROY MAGNIFICO, et al.,

    Plaintiffs,

v.

ROBERTO VILLANUEVA, REDELINA FERNANDEZ, STAR ONE STAFFING, INC., STAR ONE STAFFING INTERNATIONAL, MARY JANE HAGUE, JOHN CARRUTHERS and RUTH CARRUTHERS,

    Defendants.
_____/

### DEFENDANTS', STAR ONE STAFFING, INC., STAR ONE STAFFING INTERNATIONAL, INC., MARY JANE HAGUE, JOHN CARRUTHERS, AND RUTH CARRUTHERS, MOTION TO DISMISS PLAINTIFFS' THIRD, FOURTH, FIFTH AND SIXTH CLAIMS OF PLAINTIFFS' CORRECTED FIRST AMENDED COMPLAINT

Defendants, Star One Staffing, Inc. ("Star One"), Star One Staffing International, Inc. ("SOSI"), Mary Jane Hague ("MJH"), John Carruthers ("JC"), and Ruth Carruthers ("RC"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7.1, respectfully request this Court to enter an Order dismissing Plaintiffs' Third, Fourth, Fifth and Sixth Claims for the reasons set forth below.

### RELEVANT FACTS

On November 19, 2010, Plaintiffs filed their Corrected First Amended Complaint ("Amended Complaint") containing multiple claims against the Defendants. Plaintiffs' Third and Fourth claims for relief pertain to involuntary servitude, forced labor and human trafficking pursuant to the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. See Amended Complaint, ¶¶ 363-

\352045\3 - # 404627 v1

381. Claims of forced labor and human trafficking occurring within the United States are outside the jurisdiction of the ATS. Therefore, this Court should dismiss Plaintiffs' Third and Fourth claims for relief with prejudice.

Plaintiffs' Fifth and Sixth claims for relief are pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC § 1962(c) and 18 USC § 1962(d), and the Florida Civil Remedies for Criminal Practices Act, Fla. State. § 772.101 *et. seq*. ("Florida RICO"). See Amended Complaint, ¶¶ 382-475. On December 15, 2010, Plaintiffs filed their First Amended Civil RICO Case Statement ("Amended RICO Statement"). Both the Amended Complaint and Amended RICO Statement fail to allege sufficient facts necessary to state a claim under either section of RICO or Florida RICO. Therefore, this Court should dismiss Plaintiffs' Fifth and Sixth claims for relief with prejudice.

## MEMORANDUM OF LAW

**I.     STANDARD OF REVIEW**

In reviewing a motion to dismiss, "the court must accept as true all of the factual allegations in the complaint and construe them in the light most favorable to the plaintiff." *Wackenhut Corp. v. Serv. Employees Int'l Union*, 593 F.Supp.2d 1289, 1294 (S.D. Fla. 2009) (*citing Young Apartments, Inc. v. Town of Jupiter, Florida*, 529 F.3d 1027 (11th Cir. 2008)). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.' " *Young Apartments*, 529 F.3d at 1037 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a complaint will only survive a Rule 12(b)(6) motion to dismiss if it sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. THIRD & FOURTH CLAIMS (ALIEN TORT STATUTE)

Plaintiffs fail to state claims for relief under the Alien Tort Statute ("ATS") because claims of forced labor and human trafficking occurring within the United States are outside the jurisdiction of the ATS.

The ATS generally provides jurisdiction over tort claims "based on the present-day law of nations [resting] on a norm of international character accepted by the civilized world…" *Sosa v. Alvarez-Machain*, 542 U.S. 692, 725 (2004). However, the expanded role for the ATS has always been understood as covering torts committed abroad. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 116 (2d Cir. 2010) (ATS litigation poses unique problems because "the events took place abroad and in troubled or chaotic circumstances"); *Sosa*, 542 U.S. at 715 (defining law of nations as "a body of judge-made law regulating the conduct of individuals situated <u>outside domestic boundaries</u> and consequently carrying an international savor") (emphasis added); *Filartiga v. Pena-Irala*, 630 F.2d 876 (2d Cir. 1980) (ATS provides federal jurisdiction for acts performed outside U.S. borders).

As reinforced by *Velez v. Sanchez*, there does not appear to be any reported cases addressing ATS claims arising out of domestic conduct. 2010 WL 4852321, *6 (E.D.N.Y. Nov. 30, 2010) ("Although no case holds that the ATS covers only torts occurring abroad, the Court is confident, as a matter of first impression, that Velez's claims of domestic human trafficking and forced labor are not within *Filartiga's* conception of the statute's grant of jurisdiction."). In *Velez*, the plaintiff, a citizen of Ecuador, made allegations that she was trafficked from Ecuador and forced to work as a caretaker in a private residence. 2010 WL 4852321 at *1. Based upon Congress limiting the jurisdiction of the ATS and the fact that the alleged trafficking and forced labor occurred in the United States, the district court found that the plaintiff failed to raise proper

claims under the ATS. *Id.* at *7. In like manner to the factual allegations and claims made in *Velez*, all of the alleged conduct contained in Plaintiffs' Amended Complaint occurred in the United States.

Moreover, even if the ATS previously conferred jurisdiction over claims of forced labor and human trafficking, that jurisdiction has now been withdrawn. In *Sosa*, the U.S. Supreme Court recognized that the creation of a private cause of action is a matter "better left to legislative judgment in the great majority of cases." 542 U.S. at 727. Consequently, the Supreme Court asserted that Congress could restrict the actions cognizable under the ATS "explicitly, or implicitly by treaties or statutes that occupy the field." *Id.* at 731.

In 2003, Congress enacted the Trafficking Victims Protection Re-authorization Act, Pub.L. 108-193, 118 Stat. 2875, creating a private right of action for any "individual who is a victim of a violation" of the federal criminal laws prohibiting human trafficking and forced labor (codified at 18 U.S.C. § 1595).[1] Because § 1595 provides a civil remedy for both foreign and domestic violations, the ATS has no further role to play as the jurisdictional hook for human trafficking and forced labor claims. *Velez*, 2010 WL 4852321 at *7, n. 7. As considered in *Sosa*, Congress has limited the jurisdiction of ATS by enacting a statute that occupies the field of civil remedies for forced labor and human trafficking.

Therefore, Plaintiffs fails to state a cause of action under the ATS because the ATS has no jurisdiction over allegations of forced labor and human trafficking occurring in the United States. As a result, this Court should dismiss Plaintiffs' Third and Fourth Claims with prejudice.

---

[1] Star One, SOSI, MJH, JC and RC note that Plaintiffs have filed claims for relief under 18 U.S.C. § 1595 in connection with forced labor and human trafficking. See Plaintiffs' First and Second Claims for Relief in the Amended Complaint.

### III.    FIFTH & SIXTH CLAIMS (CIVIL RICO)

#### A.    § 1962(c) RICO Claim and § 772.103(3) Florida RICO Claim

Both the Amended Complaint and the Amended RICO Statement fail to allege facts demonstrating the elements necessary to state a cause of action.  To state a claim under the civil RICO statutes, a plaintiff must allege: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.  *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006); *see also Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (analysis applied to federal RICO claims is equally applicable to Florida RICO claims).  "To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature."  *Jackson*, 372 F.3d. at 1264 (emphasis in original).

##### 1.    Civil RICO Claims Require Increased Particularity Standard

"Civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity."  *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007).  A fundamental purpose of the particularity standard is "protecting defendants from frivolous suits, or spurious charges of immoral and fraudulent behavior."  *U.S. ex. rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n. 24 (11th Cir. 2002) (internal quotations omitted).  As articulated by the Eleventh Circuit, "[w]hen a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements."  *Id.*  This Court should not allow

Plaintiffs to go on a fishing expedition because Plaintiffs' unsupported allegations contained in both the Amended Complaint and the Amended RICO Statement lack any particulars related to the predicate acts or their continuing nature.

### 2. Conclusory Allegations Insufficient to Support Elements of Predicate Acts

Although Plaintiffs allege at least two predicate acts, they fail to allege facts sufficient to support each of the statutory elements for the predicate acts. *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). To meet the high specificity standard, the claims "must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the [d]efendants gained by the alleged fraud." *Ambrosia Coal & Constr. Co.*, 482 F.3d at 1316-17. Despite Plaintiffs conclusory allegations, they offer no supporting facts indicating what statements or representations were made; the time and place of, or person responsible for, the alleged statements; or how Plaintiffs were misled by the alleged statements. *Id.* at 1316.

To illustrate, Plaintiffs fail to identify the elements of a fraud claim, much less assert facts to satisfy them. See Amended Complaint, ¶¶ 429-434. To establish liability under the federal mail and wire fraud statutes: (1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails or the interstate wires for the purpose of executing the scheme. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1312 (11th Cir. 2000). Plaintiffs do not identify the persons submitting, mailing or transmitting any of the alleged fraudulent documents. See Amended Complaint, ¶¶ 419, 430 and 436. Plaintiffs also fail to specify the dates upon which the alleged documents or communications were filed, mailed or transmitted

and fail to provide adequate information about the content of the mailings or transmissions to demonstrate fraudulent activity. Consequently, both the Amended Complaint and the Amended RICO Statement fail to allege facts demonstrating the necessary elements to state a claim against Star One, SOSI, MJH, JC or RC.

Moreover, conclusory allegations that Star One, SOSI, MJH, JC or RC acted in concert with others in conducting their illegal activities is insufficient to establish the requisite intent. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). "A RICO plaintiff's allegations of scienter cannot be merely conclusory and unsupported by any factual allegations." *Id.* (internal quotations omitted). As such, Plaintiffs conclusory statements within the Amended Complaint and Amended RICO Statement fail to establish the requisite intent for the respective alleged predicate acts.

### 3. Plaintiffs Fail to Demonstrate Conduct of a Continuing Nature

Plaintiffs do not provide sufficient allegations that the predicate acts demonstrated criminal conduct of a continuing nature. The requirement of continuity has a closed and open ended concept, "referring either to a closed period of repeated conduct, or to past conduct that by it nature projects into the further with a threat of repetition." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989). Plaintiffs fail to state facts sufficient to establish either closed-ended or open-ended continuity.

"A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *H.J., Inc.*, 492 U.S. at 242. The Eleventh Circuit has concluded that less than a year is too short a period to establish a "substantial period of time" for purpose of closed-ended continuity. *Jackson*, 372 F.3d at 1266 (citing other circuit cases). Plaintiffs' failure to provide specific details supporting

the elements of the predicate acts also prevents the Plaintiffs from establishing closed-ended continuity.

To state a claim based on open-ended continuity, Plaintiffs must prove that (1) the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, or (2) the predicate offenses are part of an ongoing entity's regular way of doing business. *United States v. Browne*, 505 F.3d 1229, 1260 (11th Cir. 2007). Plaintiffs general and conclusory allegation within its Amended RICO Statement that "Defendants continue to recruit guestworkers and to employ them in the United States," without support, is insufficient to establish open-ended continuity. *See Jackson*, 372 F.3d at 1268 (offer no support for conclusory allegation insufficient to establish open-ended continuity). Consequently, Plaintiffs are unable to state sufficient facts, through either the closed or open-ended concepts, that the predicate acts demonstrated criminal conduct of a continuing nature.

In summary, Plaintiffs' conclusory and baseless allegations do nothing to educate the Court as to persons allegedly perpetuating the fraudulent acts, the timing or continuity of the alleged acts or any particulars related to the alleged acts. As a result, Plaintiffs' allegations are insufficient to sustain their § 1962(c) RICO claim and this Court should grant the Motion to Dismiss with prejudice. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010) (affirming dismissal of civil RICO claims because complaint did not allege elements with particularly); *see, Se. Laborers Health and Welfare Fund v. Bayer Corp.*, 655 F.Supp.2d 1270 (S.D. Fla. 2009) (dismissal of civil RICO claim due to lack of specific allegations); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043 (11th Cir. 2007) (affirming dismissal of civil RICO claim predicated on fraud where plaintiff failed to allege sufficient facts); *Rogers v. Nacchio*, 241 Fed. Appx. 602 (11th Cir. 2007) (per curiam) (unpublished) (same).

B. § 1962(d) RICO Claim and § 772.103(4) Florida RICO Claim

Where a complaint fails to allege a substantive RICO claim and there are no additional allegations referencing a conspiracy claims under § 1962(d), the conspiracy claim necessarily fails. *See Jackson*, 372 F.3d at 1269; *Rogers*, 241 Fed. Appx. at 609. Therefore, this Court should dismiss Plaintiffs' § 1962(d) RICO claim when it dismisses Plaintiffs' § 1962(c) RICO claim because there are no additional allegations referencing a conspiracy count.

Regardless of this presumptive dismissal, Plaintiffs fail to state a claim for a § 1962(d) RICO claim. In order to state a claim under § 1962(d), the plaintiffs must allege that either the individuals agreed to the overall objective of the conspiracy or the individuals agreed to commit two predicate acts. *Am. Dental Ass'n*, 605 F.3d at 1293. Plaintiffs do not satisfy either element because the Amended Complaint and Amended RICO Statement contain nothing more than vague and conclusory allegations. See Amended Complaint, ¶¶ 460-473. Such allegations are insufficient to demonstrate a RICO conspiracy claim. *See Am. Dental Ass'n*, 605 F.3d at 1293-94. As such, Plaintiffs have failed to state a § 1962(d) RICO claim and this Court should grant the Motion to Dismiss with prejudice.

**IV. CONCLUSION**

WHEREFORE, Star One Staffing, Inc., Star One Staffing International, Inc., Mary Jane Hague, John Carruthers, and Ruth Carruthers respectfully request an Order of this Court dismissing Plaintiffs' Third, Fourth, Fifth and Sixth Claims, and for such other and further relief as this Court deems just and proper under the circumstances.

Date: January 24, 2011

          Respectfully Submitted,

          GRAYROBINSON, P.A.
          1221 Brickell Avenue, Suite 1600
          Miami, FL 33131
          Telephone:    (305) 416-6880
          Facsimile:    (305) 416-6887

          By:   /s/ Marlene Quintana
              Marlene Quintana
              Marlene.quintana@gray-robinson.com
              Florida Bar No.: 88358

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on this Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

### Service List

Gregory S. Schell, Esq.
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, FL  33460-3819
*Counsel for Plaintiffs*

Lynsay K. Gott, Esq.
Refugee and Detention Project Associate
World Organization for Human Rights US
2029 P Street N.W., Suite 202
Washington, DC 20036
*Co-Counsel for Plaintiffs*

Annie B. Smith, Esq.
Visiting Associate Clinical Professor of
    Law and Friedman Fellow
George Washington University Law School
2000 G Street, N.W.
Washington, DC 20052
*Co-Counsel for Plaintiffs*

Theresa L. Harris, Esq.
Executive Director
World Organization for Human Rights USA
2029 P Street, N.W., Suite 202
Washington, DC 20036
*Co-Counsel for Plaintiffs*

Allison M. LeFrak, Esq.
World Organization for Human Rights USA
2029 P Street, N.W., Suite 202
Washington, DC 20036
*Co-Counsel for Plaintiffs*

By:   /s/ Marlene Quintana
            Marlene Quintana