## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

Case No.: 10-CV-80771-RYSKAMP/VITUNAC

ROY MAGNIFICO, et al.,

      Plaintiff,

v.

ROBERTO VILLANUEVA, et al.,

      Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on *pro se* defendant Roberto Villanueva's motion to dismiss for improper venue **[DE 82]** filed on May 25, 2011.  Plaintiffs filed a response in opposition **[DE 83]** on June 12, 2011.  Mr. Villanueva filed a reply **[DE 84]** on June 30, 2011. This matter is ripe for adjudication.

Plaintiffs filed their second amended complaint on March 18, 2011, alleging causes of action arising from defendants' alleged recruitment and subsequent employment, forced labor, and trafficking of the plaintiffs.  Plaintiffs' second amended complaint includes claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Trafficking Victims Protection Reauthorization Act ("TVPRA"), the Alien Tort Statute ("ATS"), the Fair Labor Standards Act ("FLSA") in addition to state statutory and common law claims.

In his motion, Mr. Villanueva asserts that the Southern District Florida is an improper venue.  In his view, the plaintiffs should have filed this case in the Philippines.  Mr. Villanueva seeks an order dismissing this case pursuant to Federal Rule of Civil Procedure 12(b)(3).

1

Plaintiffs disagree.  Plaintiffs argue that Mr. Villanueva waived his venue argument by failing to assert the argument in his first Rule 12 motion.  In the alternative, plaintiffs assert that venue is nevertheless proper in this district pursuant to 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965.  Additionally, plaintiffs argue that the plaintiffs' employment contracts explicitly provide that venue is proper in this district.  Plaintiffs also argue that Mr. Villanueva has waived any arguments regarding personal jurisdiction, which have been mixed in with his venue argument.  Even if he had not, plaintiffs assert that this Court has both subject matter and personal jurisdiction over Mr. Villanueva and this case.

Federal Rule of Civil Procedure 12(b)(3) provides that a party may challenge venue by filing a motion to dismiss for improper venue; however, Rule 12(h)(1) provides that a party may waive any defense listed in Rule 12(b)(2)-(5), including improper venue, by omitting the defense from the party's first 12(b)(2)-(5) motion.  *See* Fed. R. Civ. P. 12(h)(1), (g)(2).  The Eleventh Circuit has held that waiver of a Rule 12(b)(2)-(5) defense occurs when "the defense is not asserted in the first motion made under Rule 12 or responsive pleading."  *See Lane v. XYZ Venture Partners*, 322 Fed. App'x 675, 678 (11th Cir. 2009); *see also T & R Enters., Inc. v. Cont'l Grain Co.*, 613 F.2d 1272, 1277 (5th Cir 1980) ("[T]he failure of a party to object at the first opportunity available to it to raise the question by motion amounts to a waiver of whatever rights the party may have had.").[1]

A review of the docket reveals that Mr. Villanueva filed both a motion for a more definite statement under Rule 12(e) and a motion to strike under Rule 12(f) on February 16, 2011.  *See* **[DE 52, 53]**.  The Court subsequently denied both of these motions on May 5, 2011.  *See* **[DE 79, 80]**.  Because Mr. Villanueva failed to include this defense of improper venue with his

---

[1] All opinions of the former Fifth Circuit entered prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

original Rule 12 motions to dismiss, the Court finds that Mr. Villanueva waived his improper venue defense. *See Lipofsky v. N.Y. State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988) (improper venue is a waivable defense).

Assuming *arguendo* that Mr. Villanueva had not waived his venue defense, the Court would still find that venue is proper in the Southern District of Florida. 28 U.S.C. § 1391(b) provides, in pertinent part that, "[a] civil action wherein jurisdiction is not found solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." According to the second amended complaint, a substantial part of the events and omissions giving rise to this action took place in this district. *See* **[DE 66]** at ¶¶ 34, 125-131, 133-144, 149, 153-166, 202-250, 275-277, 281, 281-283, 286, 287, 293-296, 304-315, 321-323, 325-347, 350, 354-357. Also, according to the second amended complaint, plaintiffs were housed by the defendants in Miami and Boca Raton, both located in the Southern District of Florida. Additionally, many of the threats and activities that form the basis of the second amended complaint took place in those places. *See id* at ¶¶ 183-198, 209-250. Finally, according to the second amended complaint, four of plaintiffs were recruited by Mr. Villanueva in this district. *See id.* at ¶¶ 96-97. Based on these allegations, the Court finds that venue is proper in this district.

Venue is also proper in this district pursuant to 18 U.S.C. § 1965(a), which states that "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an

agent or transacts his affairs."   Plaintiffs have filed civil  RICO claims against Mr. Villanueva, Redelina Fernandez, Mary Jane Hague, Star One Staffing, Inc., and Star One Staffing International.  Each of these RICO defendants reside in, are found in, and appear to conduct their affairs in this district, including Mr. Villanueva.  Mr. Villanueva has provided a Miami address to the Court.  *See* **[DE 41]** at 3.  Because it appears that Mr. Villanueva resides in this district, venue is also proper here under § 1965(a).

Finally, it appears that Mr. Villanueva attempts to challenge this Court's jurisdiction—both personal and subject matter—over this matter.  To the extent that he argues that this Court lacks personal jurisdiction, the Court finds that Mr. Villanueva waived his right to challenge personal jurisdiction by failing to include this defense in his first Rule 12 motion.  *See* Fed. R. Civ. Pro. 12(g)(2), (h)(1); *Lipofsky*, 861 F.2d at 1258 (lack of personal jurisdiction defense is waived when defendant fails to file responsive pleading or Rule 12 motion without including the defense).   To the extent that Mr. Villanueva asserts that this Court lacks subject matter jurisdiction, the Court rejects the argument.  This Court clearly has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action arises from a number of federal statutes including the TVPRA, the ATS, RICO, and the FLSA.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they arise from the same common nucleus of operative facts from which the federal claims arise.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Finally, Mr. Villanueva's attacks on the standing of the plaintiffs to bring this suit have no basis in law.  There is no citizenship requirement for filing a suit in the United States and Court's exercise of jurisdiction does not violate any of the treaties cited by Mr. Villanueva.

The Court has carefully considered the motion, response, reply, applicable law, and pertinent portions of the record.  For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that defendant Roberto Villanueva's motion to dismiss for improper venue **[DE 82]** is **DENIED**.  Within ten days from the date of entry of this order, Mr. Villanueva shall file an answer to the second amended complaint.  The failure to do so *will* result in the entry of default against Mr. Villanueva.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 14 day of July, 2011.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE