**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA WEST PALM BEACH DIVISION**
Case No.: 9:10-cv-80771-KYSKAMP/VITUNAC

Roy Magnifico, Roma Lim, Rezza Real, Jeanette Halup, Bonifacio Ramos, Lucille Liwag, Ross Ripotola, Raul Rueda, Aries Caluya, Aris Ordonez, Ritche Relampagos, Percival De Quiros, Jose Auingan, Denlit Fausto, Cesar Ramos, Irene David, Arnold Laxamana, and Robert Bautista,

Plaintiffs,

v.




Roberto Villanueva, Lina Fernandez, Star One Staffing, Inc., Star One Staffing International, Mary Jane Hague, John Carruthers, and Ruth Carruthers,

________________________________/

Defendants.

**DEFENDANT ROBERTO VILLANUEVA' S MOTION SHAM AND FRAUD IN COURT HAS BEEN COMITTED BY THE PLAINTIFFS**

DEFENDANT Roberto Villanueva moves this Honorable Court to enter an order dismissing with prejudice Plaintiff's second amended Complaint (DE no. 66), herein under ("Complaint") for SHAM pleading and FRAUD has been committed in this Honorable Court, Rule 11 FRCP.

**Liars should never be given favors from our Courts, especially to this Honorable Court. See Federal Rules of Civil Procedure Rule 11(b)(2), 28 U.S.C. 1915 (e)(2)(B)(1), the Complaint is False, known to be false, Malicious or FRIVOLOUS, "A reasonable paying litigant would not file this type of claim and waist this Honorable Court's time and resources", See, Deutch v. U.S., 67 F.3d 1080, 1090 (3rd Cir. 1995). See also, Martin-Trigona v. Shaw 986 F.2d 1384 (11th Cir. 1993). In that case the Eleventh Circuit noted that Martin was a "notoriously vexatious".** Defendant Villanueva stating in support therefore as follows:

1. This Honorable Court should dismiss Plaintiffs Complaint (DE. 66) with prejudice because, it is fabricated and contains vicious lies. The allegations of the Plaintiffs in the Complaint are untrue and the Plaintiffs have known these allege facts to be untrue at the time it was filed.

2. Only TRUTH should be permitted in this Honorable Court. *See, Rojas v. DeMent, 137 F.R.D. 30 (S.D. Fla. 1991), involving Costa Rican plaintiffs case filed under Alien Tort Act "ATS", the Honorable Court ordered sanctions against the Plaintiff's Attorney, the court sanctioned the lawyer Sua sponte for* ***wasting judicial resources.***

3. It is a duty and responsible for every Attorney, to determine the truthfulness of his or her client's story. See, Federal Rules of Civil Procedure 11(b) (by signing and filing a document with the Court, the attorney certifies that he or she conducted a reasonable inquiry). Defendant Villanueva has informed and notified Plaintiffs Counsels in writing of the known falsehood. See, Defendant Villanueva's reply to Plaintiffs opposition Motion to Dismiss, (DE no. 84). annexes "B1" to B5" pages 15 to 19.

4. One of ancient maxims of justice says, "A thing similar is not exactly the same".

5. People have a right to know how to speak to Courts and how to get Court to grant relief when they're being unjustly injured. We all live by the Golden Rule. When injuries come (as injuries do) we will all be able to win by applying the principles of justice and by requiring everyone in court to follow the rules. The Rule of Law supports the Golden Rule. The Golden Rule guides the Rule of Law.

6. American principles of due process and equal access to justice make life in this nation much better than life where these principles are routinely abused by the rich and powerful. Believe in America. She believes in you.

7. In this instant case, **Forced labor, conspiracy theory and breach of duty** allege in the Complaint are pre-requisite and essential elements of each of the Plaintiffs 17 cause of actions.

8. Without at least one element mentioned above, as pre-requisite to each and in every cause of action in the Complaint, This Court cannot grant relief on every single count of the 17 counts alleged in the Complaint. It is full of FRAUD and false allegations known by Plaintiffs at the time of the filing.

9. In the case at bar, Plaintiffs falsely fabricated in stating these three elements **forced labor, conspiracy theory and breach of duty** in all of the 17 counts allege in the Complaint. Absent these elements, Plaintiffs Complaint FAILS.

10. It is very clear here, that this instant case is nothing more than a crusade by a conspiracy theorist to right an "invisible" wrong that the plaintiffs alone are able to see. It's a waste of judicial resources.

11. Plaintiffs attempt to falsely charge every person in the company, two office employees (Villanueva and Fernandez), three corporate officers (Hague, Ruth Carruthers and John Carruthers) and two Corporations own by the same corporate officers (Star One Staffing Inc., and Star One Staffing International Inc.), with a shroud of conspiracy and known falsehood. Plaintiffs are committing FRAUD in this Honorable Court.

12. Equally most vital, are photos of Plaintiffs taken by Defendant Villanueva started from April 23, 2006 up to September 12, 2007. There are more than a thousand of these photos located at Star One's server (H-Drive). More are also in the position of the plaintiffs, There Friendster and Facebook networking account. Photos hereto attached mark as annexes "A1" to "A86".

A1. April 23, 2006, Plaintiffs Raul Rueda, Aries Caluya, Cesar Ramos at Star One office in Fl.

A2. April 24, 2006, Plaintiff Raul Rueda taken in Florida.

A3. May 9, 2006, Plaintiff Cesar Ramos taken in Florida-Georgia state line.

A4. May 9, 2006, Plaintiff Raul Rueda taken in Georgia-Florida state line.

A5. May 9, 2006, Plaintiff Cesar Ramos taken in Georgia-Florida state line.

A6. May 10, 2006, Plaintiffs Aries Caluya, Raul Rueda, Cesar Ramos South Carolina-Georgia.

A7. May 10, 2006, Plaintiffs Raul Rueda, Cesar Ramos, Aries Caluya North Carolina- SC.

A8. May 10, 2006, Plaintiffs Raul Rueda, Aries Caluya in Washington D.C.

A9. May 11, 2006, Plaintiffs Rueda, Caluya, Ramos in New Jersey.

A10. May 12, 2006, Plaintiff Cesar Ramos in the Staff house Muttontown CC NY.

A11. May 16, 2006, Plaintiffs Raul Rueda and Aries Caluya at Glen Head CC NY.

A12. June 7, 2006, Plaintiffs Raul Rueda and Aries Caluya at Glen Head CC NY.

A13. June 8, 2006, Plaintiffs Raul Rueda and Aries Caluya at Long Island Beach, NY.

A14. July 9, 2006, Plaintiffs Raul Rueda and Aries Caluya at Port Authority, NY.

A15. October 24, 2006, Plaintiffs Cesar Ramos and Ross Ripotola at Glen Cove, NY Staff house1

A16. October 24, 2006, Plaintiff Ross Ripotola at Glen Cove, NY Staff house 1.

A17. October 24, 2006, Plaintiffs Raul Rueda and Aries Caluya at Glen Head CC, NY.

A18. October 30, 2006, Plaintiffs Cesar Ramos at Philippine Embassy in Washington D.C.

A19. December 8, 2006, Plaintiffs C Ramos, Aungan, B Ramos. Relampagos, Lim in Florida.

A20. December 16, 2006, Plaintiffs Percival De Quiros and Bonifacio Ramos at N. Mia. S house.

A21. December 16, 2006, Plaintiffs Halup, Liwag, Real, Lim, Auingan, Ramos, DeQuiros in Fl.

A22. December 18, 2006, Plaintiffs Haup, Real and DeQuiros in the North Miami Mall.

A23. Dec. 16, 2006, Plaintiffs DeQuiros, Relampagos, Liwag, Fausto, Lim at N. Mia. Staff house

A24. Dec. 20, 2006, Plaintiffs Relampagos, B Ramos, Lim, DeQuiros at N. Mia Staff house.

A25. Dec 21, 2006, Plaintiffs Roma Lim at Port of Miami, Florida

A26. Dec 26, 2006, Plaintiff Cesar Ramos at Boca Raton, Fl. Staff house

A27. Dec 26, 2006, Plaintiff Roy Magnifico at Boca Raton, Fl. Staff house.

A28. Dec 26, 2006, Plaintiffs DeQuiros, Relampagos, Auingan, Real in Boca Raton Fl.

A29. Dec 26, 2006, Plaintiff Roma Lim & Denlit Fausto in Boca Raton Staff house, Fl.

A30. Dec 26, 2006, Plaintiffs Lucille Liwag & Roma Lim in Boca Raton, Fl.

A31. Dec 31, 2006 Plaintiff Aris Ordonez in North Miami, Fl. Staff house.

A32. Jan 6, 2007, Plaintiffs Jeanette Halup & Jose Auingan in N. Miami Beach, Fl.

A33. Jan 20, 2007, Plaintiffs Bautista, DeQuiros, Laxamana at the CC in Boca Raton, Fl.

A34. Jan 29, 2007 Plaintiffs Fausto, Liwag, Real, B.Ramos at the CC in Miami, Fl.

A35. Jan 29, 2007 Plaintiffs Rezza Real & Lucille Liwag at he CC in Miami, Fl.

A36. March 1, 2007 Plaintiffs Rezza Real & Denlit Fausto in N Miami, Fl. Staff house.

A37. March 1, 2007 Plaintiffs Magnifico, Ramos, Relampagos at N. Miami, Fl. Staff house.

A38. March 1, 2007 Plaintiff Lucille Liwag and her boyfriend who lives in Miami Fl.

A39. March 14, 2007 Plaintiffs Robert Bautista and Percival DeQuiros in downtown Mia., Fl.

A40. March 14, 2007 Plaintiffs Robert Bautista & Arnold Laxamana in Bayside, Mia., Fl.

A41. April 8, 2007 Plaintiff Rezza Real in Sawgrass Mall, Florida.

A42. April 8, 2007 Plaintiff Jeanette Halup in Sawgrass Mall, Florida.

A43. April 10, 2007 Plaintiff Rezza Real in N Miami, Fl. Mall.

A44. April 18, 2007 Plaintiffs Rezza Real and Lucille Liwag in Boca Raton, Fl. Staff house.

A45. April 19, 2007 Plaintiffs Liwag, Lim, Real, Halup in North Carolina-S Carolina state line.

A46. April 19, 2007 Plaintiffs Liwag, Real, Halup in North Carolina- South Carolina State line.

A47. April 19, 2007 Plaintiffs David, Halup, Real, Liwag, Lim N.Carolina- S. C. State line.

A48. April 19, 2007 Plaintiffs Halup, Liwag, Bautista, Lim, Real at Virginia-N.C. State line.

A49. April 21, 2007 Plaintiffs Halup, Liwag, Real at Hicksville, Long Island, NY Mall.

A50. April 23, 2007 Plaintiffs Lim, Real, Halup, David, Liwag at NY-Connecticut State line.

A51. April 23, 2007 Plaintiffs Rezza Real at Connecticut-NY State line.

A52. April 23, 2007 Plaintiffs Halup and Liwag at Connecticut-NY State line.

A53. April 23, 2007 Plaintiff Rezza Real at Vermont-Massachusetts State line.

A54. & 55. April 23, 2007 Plaintiffs Lim, David, Real at Green Mountain, Vermont.

A56. April 23, 2007 Plaintiffs Real, Magnifico, David, Lim, Halup, Liwag at G.Mntn , Vermont.

A57. April 27, 2007 Plaintiffs Real, Magnifico, David, Lim, Bautista at Staff house 4 GH, NY.

A58. April 28, 2007 Plaintiffs Jose Aungan & Cesar Ramos at Boca Raton house farewell party.

A59. April 28, 2007 Plaintiff Ramos at Mia airport, 3 Star One Staff going home for Philippines.

A60. May 1, 2007 Plaintiffs Percival DeQuiros & Denlit Fausto in Orlando, Florida.

A61. May 1, 2007 Plaintiffs Percival DeQuiros & Denlit Fausto in Universal Studio, Florida.

A62. May 6, 2007 Plaintiffs Fausto, Aungan & Ramos at South Carolina-N.C State line.

A63. May 7, 2007 Plaintiffs Fausto, Aungan & Ramos at Welcome N.J. Turnpike.

A64. May 7, 2007 Plaintiff Lucille Liwag at Staff house 2 Roslyn Heights, NY.

A65. May 30, 2007 Plaintiffs Halup & Liwag in the Train Station, NY.

A66. June 11, 2007 Plaintiffs Ordonez, David, DeQuiros in S house 1, Gen. Staff Meeting.

A67. July 2, 2007 Plaintiff Lucille Liwag, Welcome Niagara Falls.

A68. July 2, 2007 Plaintiffs Roy Magnifico at Niagara Falls.

A69. July 2, 2007 Plaintiffs Laxamana, Ramos, DeQuiros, Lim, Ordonez at Niagara Falls.

A70. July 2, 2007 Plaintiffs Ordonez, David, Real, Bautista, Lim at Niagara Falls.

A71. July 2, 2007 Plaintiffs Lucille Liwag & Jeanette Halup at Niagara Falls.

A72. July 2, 2007 Plaintiffs Auingan, Lim, Ordonez at Niagara Fals.

A73. July 2, 2007 Plaintiffs DeQuiros, Bautista, Laxamana at Niagara Falls

A74. July 2, 2007 Plaintiffs David, Auingan, Real, Magnifico, Halup, Bautista, Laxamana, Lim, DeQuiros, Ordonez at Welcome center in Pennsylvania-Ohio State line.

A75. July 2, 2007 Plaintiffs Bautista, David, Ordonez, Lim, DeQuiros, Magnifico, Real in P.A

A76. July 2, 2007 Plaintiffs Janette Halup & Aris Ordonez in Ohio, Welcome center.

A77. July 2, 2007 Plaintiffs Bautista, DeQuiros, Laxamana, Real, Ordonez, Fausto in OHIO.

A78. July 16, 2007 Plaintiffs Real, Halup, Bautista, Magnifico at Staff house 1 Glen Cove, NY.

A79. July 31, 2007 Plaintiffs David, Bautista, Laxamana, Magnifico in the Church, L.I. NY.

A80. August 5, 2007 Plaintiffs David, Real at Disco, Long Island, New York.

A81. August 8, 2007 Plaintiff Rezza Real at Staff house 2 Roslyn, New York.

A82. August 8, 2007 Plaintiff Jose Auingan at Jones Beach, Long Island, New York.

A83. August 8, 2007 Plaintiffs Rezza Real at Jones Beach, Long Island, New York.

A84. August 28, 2007 Plaintiff Jose Auingan fishing at Glen Cove Beach, L.I. New York.

A85. Sept 12, 2007 Plaintiffs Magnifico, Laxamana, Bautista at Staff house 4 Glen Head, NY.

A86. Sept 13, 2007 Plaintiffs Bautista, Laxamana, Fausto, Halup, David, Lim, Ordonez, Liwag, Magnifico, Ramaos at Trump Tower, Atlantic City, New Jersey.

13. Defendant Villanueva took these pictures himself. The pictures are just exactly the way it looks on those days that I took them because I was there. Nothing has been changed.

14. The Photos presented herein tells this Honorable Court, the TRUTH. Plaintiffs claiming damages because they are victims of Forced Labor is False. Anybody with any commonsense, would know that reality isn't way. Plaintiffs are fully adults.

15. For example, In order for the Plaintiffs to bring a viable claim under TVPA 18 U.S.C. section 1589, 1595, the plaintiff must be a victim of one of three specific trafficking crimes, Forced labor, Trafficking into servitude or sex trafficking.

16. Forced Labor - Whoever knowingly provides or obtain the labor or services of a person.

a) by threats of serious harm to, or physical restraint against, that person or another person;

b) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or

c) by means of the abuse or threatened abuse of law or the legal process.

Trafficking into Servitude - Whoever knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services.

Sex Trafficking of Children or by Force, Fraud, or Coercion -Whoever knowingly

a) in or affecting interstate or foreign commerce … recruits, entices, harbors, transports, provides, or obtains by any means a person; or

b) benefits, financially or by receiving anything of value, from participation in a venture … knowing that force, fraud, or coercion … will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act .

17. So you see here, Plaintiffs has to fabricate and lies to this Honorable Court that they were a victim of Forced labor, so they can claim the right to sue for damages. Without the falsely fabricated claim of forced labor, this elements as the pre-requisite to their cause of action is lacking and naturally the Complaint fails. There is no relief that the Court can grant.

18. Importantly, Plaintiffs were holding in their possessions at all times, all their passports with corresponding USCIS I-94 entry attached to it. No one took Plaintiffs Passport and I-94 entry document away from them. Plaintiffs can leave anytime they want. As you can see in the, Plaintiffs were everywhere. Met many different kinds of people. These Photos are only a few that I have in my

possession. Star One database has more than a thousand pictures. No restraint at all. Copies of their passport with the corresponding Visas and I-94 entries hereto attached mark as annex "B1 to "B18".

19. Plaintiffs Counsel has mislead this Honorable Court that affected the Honorable Judge Ryskamp Order entered on April 20, 2011 (DE no. 77) and prejudiced other Defendants. Plaintiffs Counsel filed their Motion opposition to Defendant Star One's Motion to Dismiss, (DE no. 50). See, page 13, "Defendant Hague, on behalf of Star One Defendants, signed an Application for Alien Employment Certification on February 28, 2006……. This form "certified that the 31 guestworkers sought would be employed as waiters and waitresses at Boca Woods Country Club". Certification states that the Application was received June 14, 2006 and NOT February 28, 2006 as the Plaintiffs Counsel have FALSELY stated. See copy of the Labor Certification hereto attached and mark as annex "C1 to C2".

20. Plaintiffs Counsels attempted NOT to present each and every Plaintiff by invoking "de bene esse". Deposition testimony at trial to be used in lieu of live testimony at trial. See, First amended scheduling report (DE no. 33). The same is true with second amended scheduling report. See (DE no 76). Defendant Villanueva has vigorously objected to Plaintiffs invoking of "de bene esse" stating, "This Honorable Court should not be denied to observe the demeanor of every single one of the Plaintiffs testimony and let this Court discover the lies that the Plaintiffs are perpetuating. See, Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 19993). See, first and second amended scheduling report (DE no. 33 & 76). See Defendant Villanueva's objection hereto attached mark as annexes "D1" to "D2".

21. Plaintiffs respond to Defendant Villanueva's first set of Interrogatories were not under Oath as prescribe by FRCP Rule 33(b)3. I spoke to Plaintiffs Counsel by phone twice one on March 2011 and one just recently. I pointed out the rule to her but she said that is their position. Why are Plaintiffs and their Counsel afraid to verify the Interrogatories prescribe by the Rule. If they are telling the TRUTH then they should truthfully and follow the Rules in good faith. See a copy of Plaintiff Magnifico's answer hereto attached mark as annex "E1" to "E14".

22. Plaintiffs Counsels were inform by Defendant Villanueva pursuant to "Safe Harbor" provision, thru telephone and followed by email on March 2, 2011 that the allege facts in the complaint were

fabricated and motivated and were coerced by Santiago Ravelo. "I believe myself assured at this time that you will make diligent good faith efforts to assure yourself this is not a frivolous case against myself, vis a vis the other defendants and that no issue of sanction need raised on that account". See, Defendant Villanueva's reply to plaintiffs opposition, motion to dismiss (DE no. 84), Annexes B1 to B5, pg,15 to 19.

23. Lawyers are bound by more than HONOR to tell the TRUTH in Court. As lawyer is an officer of the Court. Consequences of LYING in court maybe a long jail term or even worse. The rules demand TRUTH from all parties. Every litigant is entitled to court rulings based on facts, not fantasy or imagination. This is American way and it is a good way.

24. To perpetuate FRAUD is absurd and offensive abuse of judicial process and burden upon the Administration of JUSTICE. See, Gonzales v. Texaco,Inc.,No. C06-02820 WHA, 2007 U.S. Dist. LEXIS 81222 (N.D. Cal.2007) a transnational tort fraud case filed in 2006 in federal court of San Francisco. Plaintiffs' claims of illness were blatantly false. Similar is the case at bar.

25. In Gonzalez, Court dismissed the Complaint and immediately issued Rule 11 Sanctions Sua sponte against the plaintiffs' Counsel.

26. More so, In Gonzales, judicial findings of outright fraud by certain plaintiffs and their lawyers, "it appears that highly impoverished and susceptible plaintiffs may have been induced to participate in dubious litigation schemes".

27. In that case, Gonzalez, Court found that the plaintiffs did not understand or expect that a lawsuit would be brought in their names, according to"Judge William Asup". It is very similar in the instant case.

28. The Counsel relied on the unsophistication of plaintiffs in bringing the cases. The court in Gonzalez granted a motion for summary judgment dismissing the rest of the case.

29. The case at bar is total fabrication of facts, by the Plaintiffs motivated by Santiago "ted" Ravelo, a former employee of Star One who became DISGRUNTLED, He is wanted by the Philippine law for EMBEZZLEMENT. See, Case No. Q-11752, Q-12272, Q-12396-IS#794377, IS#7824684, IS#7824685 – Swindling/Estapa Status –**WANTED** by NATCAP Regional Trial Court, Quezon City Philippines.

30. The Plaintiffs motivated and coerced by Santiago Ravelo conspired to fabricate this instant case and committed FRAUD in this Honorable Court.

31. It is fraudulent misconduct that focuses on out-of-court tactics by plaintiffs, coerced and motivated by a DISGRUNTLED employee Santiago Ravelo fabricating serious fatal harms of judicial corruption and of material misrepresentations.

32. Ravelo vowed to vindicate himself after his termination on September 29, 2007. Copy of Ravelo's falsely fabricated and coercion of Star One employees, his handwritten letter to Star One hereto attached mark as annex "F1" to "F2".

33. On October 9, 2007, Ravelo wrote a 2nd letter to Star One in his own handwriting and another letter attached addressed to Department of Homeland Security, copies sent to Department of Labor and Philippine Labor Attache. "tell him (Defendant Villanueva "Bobby") to prepare for attack in a proper form" " My high respect for Star One whom, I have no problem. Trust me, my moves might turn out a blessing, I am saving you from a volcanic eruption". The letter is hereto attached mark as annex "G1" to G1" to "G3".

34. Sometime late September 2007 problem started to arise, that some employees would not report to their scheduled work assignments given made by Star One's client the Country Club, without any notice to the Team leaders or to Star One nor to the Club. Christopher Ireland, a newly hired Star One manager in New York made a report, hereto attached mark as annexes "H1" to "H3".

35. In responds to Ravelos continued coercion of Star One employees.

36. Star One President, Mary Jane Hague wrote a memo to all employees, "If any issues were brought to our attention we gave him (Ravelo) our complete support in resolving them.... It was determined that his position was no longer necessary." Unfortunately he was unhappy and chosen to suddenly begin criticizing our operation and Bobby (Defendant Villanueva)....We find it odd that he is suddenly criticizing the operation he was instrumental in creating....We are sorry that Ted (Ravelo) became DISGRUNTLED....Meanwhile we want to be sure that any problems which arise are resolved promptly... please inform your team leader who can either resolve it or bring it to our attention... or

contact me directly.... Here are our direct contact numbers.... We understand and appreciate that you all work long hours and deserve fair and honest treatment as well as a decent rate of payment". See, the memo hereto attached mark as annex "I-1 to "I-2".

37. Problems in New York was now getting worst, more and more employees did not show up on their scheduled work assignment by Star One's client the Country Club.

38. On October 30, 2007, Plaintiffs Jose Auingan, Rezza Real Lucille Liwag, Jeanette Haup, Cesar Ramos all together at the same time runaway, suddenly abandoned their work schedule without a single notice to anybody in the company nor to the Country Club their place of work. They just vanished.

39. A couple of days after, Plaintiffs Roy Magnifico, Roma Lim, Aris Ordonez, Arnold Laxamana and Robert Bautista suddenly runaway abandoned their work schedules assigned by Star One's client the Country Club, without tendering any notice and without informing nobody from Star One or their assigned Country Club. These Plaintiffs suddenly disappear.

40. On November 7, 2007, Defendant Villanueva sent a memo regarding earning shortfall and an appeal to everyone to all hours offered by Star One's client. "Your payments for your earnings has been sent to you bank accounts. You are also receiving a statement that shows your earnings and deductions.... We need each of you to show your commitments by accepting all hours offered by our clients when they are available......... We did offer you positions here in Florida which you did not accept.....You should be making your plans to either find another employer who has the necessary certification to extend your Visa, or plan to return to the Philippines. If you do make other employment arrangements, please keep us informed as to your start date so we can plan our schedules accordingly.... Your job performance now and any future work in the U.S. is documented and follows you, wherever you decide to go. You should never burn bridges, meaning leave an employer in a negative way as it only hurts your future and reputation. Copy of the memo hereto attached mark as annex "J"

41. On November 12, 2007, Star One was informed by telephone that New York State Attorney General is conducting an investigation.

42. On November 15, 2007, Plaintiff Irene David called Star One Office about her I-94 typo and spoke to Mary Jane Hague, President of Star One. "I-94 typo not a problem for her return to the Philippines. Also asked if she wanted to work in Florida when she completes current contract, she said thank you but has commitment back home. A copy of the email hereto attached mark as annex "K".

43. On November 18, 2007, Ravelo wrote his 3rd letter to Star One stating "I got hold of your memos…a month after circulation in the Staff houses. I was totally aghast at your claim of my alleged misrepresentation….In fact you admitted and sanctioned this late, the implementation of your pay scale and application of allowances rammed into the throats of the halpless workers after services were rendered………(in the footnote) **Folks, I am not taking these sitting down until I am or we are VINDICATED**. Copy of the letter hereto attached mark as annex "L1" to "L2".

44. On December 12, 2007, after lengthy discussion with Glen Head Country Club management, decision was made to terminate their employment. Irene David and Denlit Fausto (Plaintiffs) were sent notices of their termination thru the team leaders. "Though opportunities for seasonal work existed in Florida, we understand that that option was not in line with your personal goal. It must be noted that you were offered extension in Florida and you refused. Your termination date and last day of employment is Dec. 21, 2007. Your termination is based on Federal Regulation under the provision of 8 CFR sec. 214.2(h)(6)(VI)(E). We will provide you with an airline ticket in order to return you to the Philippines. Ticket is dated for December 23, 2007. copy of memos hereto attached mark as annexes "M1" to "M5".

45. On December 17, 2007, Special Agent John Landry from U.S. Department of Homeland Security came to visit the Staff house in North Miami. He spoke to all the Star One workers that came from New York, regarding the report filed by Ravelo. Special Agent Landry did not find anything illegal, contrary to Ravelos false report. See, document here to attach mark as annex "N".

46. On December 29, 2007, Ravelo wrote yet his 4th letter to U.S. Department of Homeland Security with a copy sent to Star One. **"expect more worms are coming out from this can that Villanueva is keeping"**. Copy of the letter hereto attached mark as annex "O1" to "O2".

47. It is sad that this workers has been coerced and used by a disgruntled employee Ravelo for his personal vindication. They now think they can just violate U.S. Immigration laws. They have no idea how tedious and complicated the processing of Visa is. Besides the fact that it is very costly to the company. And now these Plaintiffs are circumventing the laws of this great nations by using this Honorable Court to extort money from Defendants by filing this false and fabricated Complaint.

48. Month of January 2008, Ravelo's coercion of former Star One continues. Two identical summons with two different case numbers was issued by Philippine Overseas Employment Administration against Star One. Copies of the summons hereto attached mark as annex "P1" to "P2".

49. On March 18, 2008, Regional Trial Court of the City of Makati, Philippines issued an Injunction in favor of Star One. Civil Case no. 08-217. Copy of the Court order hereto attached mark as annex "Q".

50. Plaintiffs and their advocates, in this instant case, Plaintiffs Counsel representing **"World Organization for Human Rights USA"** are increasingly seeking to obtain advantages in litigation through negative publicity and other pressures on corporate defendants, maintain a fragile hold on consistency and fairness.

51. See the case in, Xiaoning v. Yahoo! Inc,. Plaintiffs or their supporters testified at Congressional hearings. The tactic has appeal on multiple levels, it is essentially cost-free, generates negative publicity for corporate defendants, ad's pressure on corporate defendants who may become concerned about alienating political support on Capitol.

52. Yahoo! Was forced to testify and argued in Congress, that its subsidiary acted lawfully under Chinese laws, obeyed requests of the Chinese government, and that the lawsuit sought to hold the company liable for the acts of the Chinese government. See Defendant Yahoo! Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint, No. 4:07-cv-02151-CW (N.D. Cal. Aug. 27, 2007) ("Yahoo! has no control over the sovereign government of the People's Republic of China ("PRC"), the laws it passes, and the manner in which it enforces its laws.").

53. ATS and TVPA cases have been filed in some 25 different U.S. Federal districts, but with substantial clusters in federal courts in New York and California.

54. Most have been filed by a relatively small cadre of NGOs, public interest firms, and class action firms, who have obtain substantial recompense – either to enrich personal wealth or to fund future cases – if they succeed at trial or in securing a lucrative settlement.

55. Most of them are false and misleading pretenses and flagrantly breaking the law. People succumb to greed therefore compromising the free flow of truthful information. Even to the extent of organizing vicious libelous and slanderous attack.

56. While most of these cases have resulted in repeated dismissals, there have been few trials mostly resulting in defense verdicts.

57. Out of these ATS and TVPA cases filed in U.S. Courts, a number of judicial findings details Plaintiffs and their Counsels engaged in a variety of dubious practices to enlist clients, many of whom never worked in the company or suffered the injuries alleged, and taught them their "FABRICATED STORIES." The same is very true here in this instant case.

58. They also engaged in a conspiracy with laboratories to fabricate scientific evidence, using "Captains", local Attorneys and with a local judge to "fix" judgments for later enforcement in the U.S. Efforts were accompanied by a host of tactics designed to pressure the defendant companies, including efforts by sympathetic NGOs in the United States.

59. Judge Chaney in California dismissed the "Mejia" and "Rivera" cases, finding that many of the plaintiffs never had been employed at the plantations, and detailed the conspiracy. As the case at bar.

60. Judge Victoria Chaney found that the U.S. plaintiffs' lawyers had conspired with a Nicaraguan Judge to fix judgments in Nicaragua. She also found that Dominguez and his Nicaraguan law partners **suborned perjury and made false allegations.** "A fraud on the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense". short copy of Judge Chaney's oral ruling hereto attached mark annexes "R1" to "R4".

61. In Sanchez Osorio v. Dole Food Co., (665 F. Supp.2d 1307, 1312 (S.D. Fla. 2009) United States District Judge Paul Huck issued an opinion in a harsh rebuke and ruled that , Nicaraguan Law 364 did "not even come close" to the "basic fairness" required by the "international concept of due process" and … does not dispense impartial justice".

62. Similarly, Franco v. Dow Chemical Co.(2003 WL 24288299(C.D.Cal.2003), was an action filed in Los Angeles on behalf of 465 alleged former workers.

63. In this case, **misstatements** were made in state court by the Plaintiffs and their Counsel, and then repeated to Federal District and Appellate Courts.

64. Plaintiffs and their Counsel submitted several "expert" affidavits in support of their position.

65. The Federal District Court in Los Angeles dismissed the case, calling the writ that formed the basis of plaintiffs' claims "suspect."

66. In later depositions, one plaintiffs' expert admitted the affidavits were "inaccurate." Another plaintiffs' expert called the affidavits "totally fraudulent".

67. United States Ninth Circuit Court of appeals appointed a Special Master Judge Tashima for the alleged **attorney misconduct.**

68. On March 2008, he issued a Report, finding that the filings "**were made in bad faith,"** that the lawyers' "factual contentions were so weak.

69. They were **baseless and made without reasonable and competent inquiry**, that they provide objective evidence of improper purpose," and their "efforts went beyond the use of 'questionable tactics'

70. Plaintiffs crossed the line to include the **persistent use of known falsehoods**……....". Suggested fines totaling nearly $400,000.00.

71. "Judge Chaney cited the Ojeda Law firm, and Gutierrez, as having participated in the recruiting of fraudulent plaintiffs, she noted that Gutierrez himself, manufactured evidence and improperly influenced the outcome of DBCP cases pending in Nicaraguan courts in favor of plaintiffs.".

72. Plaintiffs' attorneys have employed audacious and wide-scale legal and extra-legal tactics, manufacturing evidence, use of the media to locate plaintiffs, See, Mejia v. Dole Food Co. & Rivera v.

Dole Food Co., Los Angeles, California Superior Court Case Nos. BC340049, BC379820 (June 17, 2009)(Findings of Fact and Conclusions of Law Supporting Order Terminating Mejia and Rivera Cases for **FRAUD on the Court**).

73. "Here, we also have a chimera that is really truly heinous and repulsive. It's been created from separate organisms cemented together by **human greed and avarice**", according to Judge Victoria Chaney. See, Mejia v. Dole, April 23, 2009.

74. In addition, in DBCP cases arising from non-Nicaraguan locations, the plaintiffs' attorneys have filed a series of copycat cases, each with just under 100 class members to avoid the 100 class member threshold that would permit the defendants to invoke the Class Action Fairness Act (28 U.S.C. § 1332(d)(11)(B)(i)) and remove the case to federal court. Vanegas v. Dole Food Co., 2009 WL 690198 (C.D. Cal. March 9, 2009); Tanoh v. AMVAC Chemical Corp., 2008 WL 4691004, at *5 (C.D. Cal. Oct. 21, 2008). See also Tonah v. Dow Chem. Company, 561 F.3d 945 (9th Cir. 2009).

75. I have now exceeded more than 100 pages. I would like to request this Honorable Court to allow Defendant Villanueva to file within 10 days a supplemental to this motion because, he still has a number of TRUTHFUL evidence to present in this Court.

76. This Motion serves as notice to all Plaintiffs Counsel pursuant to "Safe Harbor" provision. It is up to this Honorable Court if, this Court will give another number of days for the Plaintiffs Counsel to avail of the "Safe Harbor" provision. In the alternative, this Honorable Court can issue an order for the Plaintiffs Counsel "To show Cause" why this SHAM Complaint should not be dismissed with prejudiced.

77. Defendant Villanueva seeks neither unfair nor special consideration but merely equal access to the law. To that end, it is respectfully requested that if this Motion do not meet the standards and level of an Attorney, that Defendant Villanueva be afforded the opportunity and instruction as to the discrepancy and/or deficiency which would otherwise deprive Defendant Villanueva's Due Process.

78. "Prior to filing the foregoing, the undersigned made a good faith attempt to communicate with opposing counsel to resolve the matter addressed without obtaining resolution. The claims and legal

contentions contained herein are warranted by existing law and are not presented for any improper purpose."

WHEREFORE Roberto Villanueva moves this Honorable Court to enter an Order dismissing the complaint with prejudice and granting such other and further relief as the Court deemed reasonable and just under the circumstances.

RESPECTFULLY SUBMITTED this 8 August, 2011.

ROBERTO VILLANUEVA, pro-se, Defendant
4699 NW 7th Avenue, Miami, Florida 33127
Email: bobbyvillanueva06@yahoo.com
Tel. No. (305) 898-0864

Servise Lists:

Marlene Quintana
Gray Robinson, P.A.
1221 Brickel Avenue S-1600
Miami, Florida 33131
Tel # (305) 416-6880
Attorney for Dependants

Gregory Schell, Esq.
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Fl. 33460-3819
Attorney for Plaintiffs

Annie B.Smith, Esq.
Visiting Associate Clinical Professor of Law
and Friedman Fellow
2000 G. Street, N.W.
Washington, DC 20052
Co-Council for Plaintiffs

Theresa L. Harris, Esq. – Executive Director
Allison M. LeFrak, Esq.
Lynsay Gott, Esq.
Refugee and Detention Project Associate
2029 P Street N.W., Suite 202
Washington, DC 20036

**VERIFICATION**

STATE OF FLORIDA;
COUNTY OF PALM BEACH;

BEFORE ME personally appeared ROBERTO VILLANUEVA who, being by me first duly sworn and identified in accordance with Florida law, deposes and says:

1. My name is ROBERTO VILLANUEVA defendant, herein.

2. "I have read and understood the foregoing attached motion, and each fact alleged therein is true and correct of my best knowledge and belief."

FURTHER THE AFFIANT SAYETH NAUGHT.

ROBERTO VILLANUEVA

SWORN TO and subscribed before me this 8 day of August 2011.

## Certificate of Service

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of foregoing was provided by regular U.S. mail and email to; Gregory Schell of Migrant Farmworker Justice Project a Florida Legal Services at 508 Lucerne Avenue, Lake Worth, Fl. 33460- 3819, and to all parties listed in the SERVICE LISTS, this 8 day of August 2011.

Roberto Villanueva, *pro se*
4699 NW 7th Avenue
Miami, Florida 33127

STATE OF FLORIDA;
COUNTY OF PALM BEACH;

BEFORE ME personally appeared Roberto Villanueva who, being me first duly sworn and identified in accordance with Florida Law did execute the foregoing in my presence this 8 day of August 2011.

LUCIANO PUENTES
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE004782
Expires 6/28/2014

Notary Public
My commission expires:

**United States District Court**
**Southern District of Florida**

Case Number: 10CV 80771 KLR

# SUPPLEMENTAL ATTACHMENT(S)



Please refer to supplemental paper "court file" in the division where the Judge is chambered. These attachments must not be placed in the "chron file".

FILED by [signature] D.C.
AUG 09 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

☒ **NOT SCANNED**

- ☐ Due to Poor Quality
- ☐ Bound Extradition Papers
- ☒ Photographs
- ☐ Surety Bond (Original or Letter of Understanding)
- ☐ CD, DVD, VHS Tape, Cassette Tape
- ☐ Other: ______

☐ **SCANNED**

- ☐ But Poor Quality
- ☐ Habeas Cases (State Court Record/Transcript)

Date: 8/9/11