UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

Case No.: 9:10-cv-80771-KLR

| | |
|---|---|
| Roy Magnifico, Roma Lim, Rezza Real, Jeanette Halup, Bonifacio Ramos, Lucille Liwag, Ross Ripotola, Raul Rueda, Aries Caluya, Aris Ordonez, Ritche Relampagos, Percival De Quiros, Jose Auingan, Denlit Fausto, Cesar Ramos, Irene David, Arnold Laxamana, and Robert Bautista, <br><br>  Plaintiffs <br><br> v. <br><br> Roberto Villanueva, Redelina Fernandez, Star One Staffing, Inc., Star One Staffing International, Mary Jane Hague, John Carruthers, and Ruth Carruthers, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO
STRIKE DEFENDANT VILLANUEVA'S MOTION SHAM AND FRAUD**

Defendant Villanueva filed a Motion Sham and Fraud in Court has been Committed by Plaintiffs (hereinafter, "Motion") on August 9, 2011. Plaintiffs now seek to strike that Motion from the record and respectfully request that default be entered against Defendant Villanueva. Should the Court decline to do so, Plaintiffs respectfully request that the Motion be denied, that

1

Defendant Villanueva be ordered to file his Answer promptly, and that Plaintiffs be awarded attorneys' fees and costs.

## I. MOTION TO STRIKE STANDARD

Motions to strike are granted as an appropriate remedy when a party has failed to comply with timelines set by the court. See Mosley v. MeriStar Management Co., LLC, 137 Fed. Appx. 248, 250 (11thCir.2005) (quoting United States v. Three Parcels of Real Property, 43 F.3d 388, 392 (8th Cir.1994)). They may also be granted when a party has violated other judicial instructions or the rules of the court, or has otherwise disrespected the court's procedures, such as purposely putting confidential information in the public record. *Unlimited Res. Inc. v. Deployed Res., LLC*, 307-CV-961-J-12MCR, 2009 WL 1370794 (M.D. Fla. May 14, 2009). In *Zaki Kulaibee*, to provide just one recent example in this Court, the determination to grant or deny four different motions to strike was in each instance determined by the parties' compliance with the rules of procedure of the court, and in particular, with the parties' compliance with the court's deadlines. *Zaki Kulaibee Establishment v. McFlicker*, 08-60296-CIV, 2011 WL 1599631 (S.D. Fla. Apr. 27, 2011).

## II. DEFENDANT VILLANUEVA FAILED TO COMPLY WITH THIS COURT'S CLEAR ORDER TO FILE AN ANSWER; DEFAULT SHOULD BE ENTERED AGAINST HIM.

On July 14, 2011, this Court denied Defendant Villanueva's first Motion to Dismiss, Ord. Denying Mot. Dismiss. (Docket Entry 85), and in doing so clearly ordered Defendant Villanueva to file his answer by July 24, 2011.[1] *Id.* Rather that comply with the Order, after seeking a 14-day extension to file his answer, Defendant Villanueva filed another motion seeking to dismiss

---

[1] "Within 10 days of this Order, Defendant Villanueva shall file an answer to the second amended complaint. The failure to do so *will* result in the entry of default against Mr. Villanueva." Ord. Denying Mot. Dismiss.

2

this litigation.² Defendant Villanueva's Motion appears to be another dilatory tactic designed to postpone the inevitable filing of his answer. Defendant Villanueva was first served approximately seven months ago and has delayed filing an Answer to the Second Amended Complaint for four months.

The district court has the power "to enter a default judgment … for failure to comply with court orders or rules of procedure." *Donaldson v. Clark*, 819 F.2d 1551, 1557 n. 6 (11th Cir. 1987) (*citing Flaska v. Little River Marine Construction Co.*, 389 F.2d 885, 888 & n. 10 (5th Cir..), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287 (1968)); *see also Link v. Wabash Railroad Co.,* 370 U.S. 626, 629-33 (1962). Default is appropriate where a defendant willfully violates a court order "by displaying either an intentional or reckless disregard for the judicial proceedings," such as by failing "to effect any compliance" with an order despite having had sufficient time to do so. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996). *See also*, *See also*, *Hernandez v. Starbucks Coffee Co*., No. 09-60073., 2011 WL 2729076, 5 (S.D. Fla. June 22, 2011).

Plaintiffs' counsel understand that Defendant Villanueva is a *pro se* party. However, *pro se* litigants are "subject to sanctions like any other litigant." *Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989). While courts show some degree of leniency to *pro se* litigants, "being a pro se litigant does not give a party unbridled license to disregard clearly communicated court orders." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (affirming entry of default against *pro se* defendants who had been warned that violating court orders could result in severe

---

² It appears that Defendant Villanueva may have misled the Court. After being ordered to file an answer within 10 days, he informed this Court that sought an extension of time to "answer the second amended complaint." (Docket Entry 86). Once granted the additional time (Docket Entry 87), however, he instead filed a Motion to Dismiss. (Docket Entry 89).

3

sanctions and whose "communications with the court make clear that they understood those orders and chose to defy them").

Circuit courts have upheld severe sanctions, including dismissal or default, against *pro se* parties who violated orders after having been warned that those sanctions might be imposed. *See*, *e.g.*, *U.S. v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (imposing sanctions on *pro se* defendant for repeatedly filing frivolous appeals after being warned); *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 766 (2d Cir. 1990) (upholding dismissal of *pro se* plaintiff's case where court had warned her that failing to comply with court order would result in dismissal); *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994).

Sanctions are particularly appropriate when the party's actions undermine the litigation process. *See*, *e.g.*, *Loos v. Club Paris,* No. 07-1376, 2009 WL 1458040, at *2-3 (M.D. Fla. May 26, 2009) (listing decisions imposing dismissal or default on *pro se* litigants). In *Loos*, the court sanctioned a *pro se* defendant with default after the defendant failed to participate in a pre-trial statement meeting, claiming a lack of necessary funds, and filed a response to the plaintiff's motion for default lacking substantive legal arguments and merely attacking the plaintiff's attorney. *Id*. The court also noted that the plaintiff's trial preparation would be undermined by the defendant's failure to meaningfully participate in the litigation process. *Id*.

Given his failure to comply with this Court's July 14, 2011 Order and the clear notice of the consequences for the failure to do so, Plaintiffs respectfully request that this Court enter a default against him.

**III. DEFENDANT VILLANUEVA'S MOTION FAILS TO MEET THE RULE 56 STANDARD FOR SUMMARY JUDGMENT.**

If the Court declines to enter a default against Defendant Villanueva and determines that his Motion should be construed as a motion for summary judgment, the Motion should be stricken from the record because it is too vague to provide adequate notice of Defendant's arguments, and because it fails to meet the requirements for filing a summary judgment motion. In the alternative, summary judgment should be denied.

A.  Defendant Villanueva's Motion Fails to Meet the Basic Requirements for a Summary Judgment Motion.

Fed. R. Civ. P. 56(a) requires that a motion for summary judgment "[identify] each claim or defense--or the part of each claim or defense--on which summary judgment is sought." The movant "must support the assertion by: (A) citing to particular parts of materials in the record…[and] (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Id*. at 56(c).

In addition, S.D. Fla. L.R.7.5 requires a summary judgment motion to be accompanied by, among other documents, "a concise statement of the material facts as to which the movant contends there exists no genuine issue to be tried." S.D. Fla. L.R.7.5(a). The statement of material facts must "be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* at 7.5(c). Filing a statement of material facts is mandatory; motions failing to comply with this requirement can be stricken from the record. *Castillo v. Cessna Aircraft Co.*, 712 F.Supp.2d 1306, 1310 (S.D. Fla. 2010).

Furthermore, summary judgment motions "may only be decided upon an adequate record." *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988) (internal citations omitted). There can be no adequate record if the non-moving party has

5

not had time to complete discovery. *Id*. Summary judgment is especially inappropriate where "the party opposing the motion has been unable to obtain responses to his discovery requests." *Id*. *See also*, *Cowan v. J.C. Penney Company, Inc.,* 790 F.2d 1529, 1532 (11th Cir.1986). This Court has granted a motion to strike a summary judgment motion where the non-moving party had not had time to complete discovery. *See Pearson v. Su Ok Sin*, No. 07-61913, 2008 WL 938873, 2 (S.D. Fla., Apr. 7, 2008) (unreported).

An "adequate record" also includes documents submitted as evidence in support of a motion for summary judgment. These documents must be authenticated with an affidavit that complies with Rule 56. *Id*. at 1309-10. *See also*, Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir.1993); *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000); *Saunders v. Emory Healthcare, Inc*., 360 Fed.Appx. 110, 113, 2010 WL 65170, 2 (11th Cir. 2010) (unreported). Rule 56 requires that affidavits submitted with summary judgment motions "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. Pro. 56(c), (e). A court may strike any evidence not in compliance. *Watts v. Kroger Co*., 170 F.3d 505, 509 (5th Cir. 1999).

Defendant Villanueva's motion fails to meet any of these requirements. Defendant Villanueva does not clearly identify each claim he seeks to have dismissed, as required by Rule 56(a). While he seems to seek to attack every claim in the Complaint, the only legal elements Defendant Villanueva expressly challenges are forced labor, conspiracy, and breach of duty. Def's Mot. Dismiss, ¶¶ 7, 9. These are not, however, elements of each claim in the Complaint. At best, the Motion can be construed as a challenge to Plaintiffs' First and Second Claims for Relief (Trafficking Victims Protection Act; the Third and Fourth Claims (Alien Tort Statute); the

conspiracy element of the Fifth and Sixth Claims (RICO); the Thirteenth Claim (negligent misrepresentation); the Sixteenth Claim (negligent infliction of emotional distress); and possibly the Seventeenth Claim (negligent supervision and retention), though the last claim was not brought against Defendant Villanueva. The Motion does not contain a single statement referring to any of the legal elements of the remaining eight claims. Defendant Villanueva only arguably makes express reference to the Trafficking Victims Protection Act and the Alien Tort Statute. Def's Mot. Dismiss ¶¶ 15-16, 53, 57.

The Motion also fails to comply with S.D. Fla. L.R. 7's requirement that the movant file a Statement of Material Facts. Defendant Villanueva did not submit such a statement with his Motion or clearly state which facts he claims should not be issues before this Court.

Additionally, the documents attached to Defendant Villanueva's Motion are unauthenticated. He did not submit an affidavit in compliance with Rule 56. The "verification" at the end of his Motion does not meet Rule 56's requirements nor does it seem intended to do so. Defendant Villanueva has included this same "Verification" with each of his filings. Neither Defendant Villanueva's Motion nor anything submitted with it "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c).

Finally, a motion for summary judgment is not appropriate at this time because the parties have not had time to complete discovery. Discovery was originally not scheduled to end until November 1, 2011; that period has now been extended by 180 days. Plaintiffs have served written discovery requests on Defendant Villanueva. Defendant Villanueva has yet to provide responses and, while Defendant Villanueva has informed Plaintiffs' counsel that he will provide them soon, they are overdue as of the date of this filing. Plaintiffs' counsel also sought to

schedule Defendant Villanueva's deposition during September. However, he indicated that he was unavailable for the entire month. Prior to completing discovery, particularly given that Defendant Villanueva's has not yet responded to Plaintiffs' requests, a motion for summary judgment is untimely.

Defendant Villanueva's Motion does not comply with basic requirements of Rule 56 or the Local Rules and was untimely filed; for these reasons, Plaintiffs respectfully request that the Court strike the Motion.

    B.    <u>Defendant Villanueva Failed to Show There is No Genuine Issue of Material Fact or That He is Entitled to Judgment as a Matter of Law.</u>

Should the Court choose to consider Defendant Villanueva's Motion as a proper Rule 56 motion, the Motion should be denied. Defendant Villanueva did not establish a lack of genuine issues of material fact and failed to show he is entitled to judgment as a matter of law.

A motion for summary judgment shall only be granted if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). When a defendant challenges plaintiff's claims in a summary judgment motion, he must show that he has "fail[ed] to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590, 113 S.Ct. 1689, 1694 (1993) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, (1986)). *See also*, *Royal Bahamian Ass'n Inc. v. QBE Ins. Corp*., 750 F.Supp.2d 1346, 1355 (S.D. Fla. 2010). Summary judgment should not be granted where "reasonable minds could differ as to the import of the evidence" cited to or challenged by the motion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511 (1986). *See also Herzog v. Castle Rock Entertainment*, 193 F.3d 1241, 1246 (11th Cir. 1999) ("summary judgment may be

inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts").

Furthermore, to win summary judgment on an entire complaint, the movant "must demonstrate that the facts underlying *all the relevant legal questions raised by the pleadings* or otherwise are not in dispute." *Id*. (emphasis added). The movant must also do more than claim that there are no factual issues; he must support this with sufficient evidence. *See Joplin v. Bias,* 631 F.2d 1235, 1237-38 (5th Cir.1980). To qualify as competent evidence, documents must be authenticated and based on personal knowledge. *Castillo*, 712 F.Supp.2d at 1310. If the moving party fails to adequately support his motion, the opposing party "need not respond to it with any affidavits or other evidence." *Herzog*, 193 F.3d at 1246.

Assuming, *arguendo*, that Defendant Villanueva's Motion is indeed a motion for summary judgment, he failed to show that there are no genuine issues of material fact.[3] Defendant Villanueva failed to provide sufficient evidence to demonstrate that there is no genuine issue of material fact. While Defendant Villanueva may believe the exhibits attached to his Motion prove no forced labor occurred, that alleged evidence fails to support his Motion. First, it is unauthenticated evidence that does not comply with Fed. R. Civ. P. 56. Second, even if the Court treated the exhibits as authenticated evidence, Defendant Villanueva fails to explain the relevance of any of his evidence or demonstrate how the alleged evidence supports his argument.

The one piece of evidence Defendant refers to that may tend to show a lack of a genuine issue of material fact would support summary judgment in favor of Plaintiffs. Defendant refers

---

[3] For example, Defendant Villanueva seems to assert that there was no forced labor. Def's Mot. Dismiss ¶¶ 9, 14, 16-17. By directly contradicting the allegations of forced labor in the Complaint, Plaintiff's Second Amended Complaint ¶¶ 125-208, 286-303, Defendant Villanueva actually highlights the existence of an issue of material fact.

to a memo he claims to have sent to Plaintiffs on November 7, 2007 wherein he tells them to accept "all hours offered" to work at the country clubs and makes arguably threatening remarks about what will happen to those who leave their employer "in a negative way." Def's Mot. Dismiss ¶ 40. Rather than proving an absence of forced labor, this memo bolsters Plaintiffs' claim that Defendant Villanueva threatened and coerced Plaintiffs.

Though Defendant Villanueva also states that Plaintiffs have failed to prove conspiracy or breach of duty, Def's Mot. Dismiss ¶¶ 7, 9, the Motion makes no further reference to these legal elements and does not specify how his unauthenticated exhibits relate to that assertion.

The exhibits submitted by Defendant Villanueva, apart from being unauthenticated and out of compliance with Rule 56, fail to adequately support his allegations. At the very least, it is evidence on which the parties could draw differing inferences. *See Herzog*, 193 F.3d at 1246. Evidence aside, the Motion fails to demonstrate the lack of a genuine issue of material fact regarding the claims that involve forced labor, conspiracy or breach of duty. Defendant Villanueva does not refer to the remaining legal elements of Plaintiffs' claims at all. In light of the non-compliance of Defendant's supporting evidence, the insufficiency of his evidence, and his failure to clearly show that there are any material facts not in dispute, Plaintiffs respectfully request that, if the Court does not strike the Motion, that the Court deny the Motion.

**IV.     DEFENDANT VILLANUEVA'S MOTION FAILS TO MEET THE STANDARD FOR SANCTIONS UNDER RULE 11.**

A.     <u>Defendant Villanueva Failed to Provide Plaintiffs with the Required Notice Prior to Seeking Rule 11 Sanctions.</u>

Should Defendant Villanueva's Motion be construed as a Rule 11 motion, it should be stricken from the record for failing to meet Rule 11's procedural requirements. If it is not

10

stricken, the Motion should be denied because Defendant Villanueva failed to show that Plaintiffs or their counsel violated Rule 11 and attorneys' fees should be awarded to Plaintiffs.

Rule 11 sanctions may only be imposed after "notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). The moving party must serve a motion for Rule 11 sanctions on the party against whom sanctions are sought and is not permitted to file or present it "to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This provides a party with the opportunity to correct or withdraw the allegedly problematic pleading. *Id.*

Defendant Villanueva failed to serve Plaintiffs' counsel with his Motion 21 days prior to filing it with the Court. Defendant Villanueva filed his Motion on August 9, 2011. Plaintiffs' counsel were not served with the Motion until it was filed. In his Motion, Defendant Villanueva seems to suggest that he provided the required notice by email and during telephone conversations and by referring to "known falsehood" in his Reply to Plaintiffs' Opposition to Defendant Villanueva's Motion to Dismiss for Improper Venue (Docket Entry 84). Def.'s Mot. Dismiss ¶¶ 3 and 22. Assuming these allegations are true, Defendant Villanueva's references to sanctions and assertions that Plaintiffs' allegations are false fail to meet the requirements of Rule 11. Because he did not comply with the Rule, his Motion should be stricken from the record.

B. <u>Defendant Villanueva Failed to Show that Plaintiffs' or their Counsel Violated Rule 11.</u>

Defendant Villanueva has failed to demonstrate that Plaintiffs violated Rule 11; his Motion should be denied and Plaintiffs should be awarded attorneys' fees. The Federal Rules of Civil Procedure provide district courts discretion to award Rule 11 sanctions: "(1) When a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is

11

based on a legal theory that has no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Massengale v. Ray,* 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). *See also Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003).

In his Motion, Defendant Villanueva alleged that Plaintiffs' Second Amended Complaint is "fabricated and contains vicious lies." Def.'s Mot. Dismiss ¶ 1. Defendant Villanueva cited to Fed. R. Civ. P. 11(b)(2) which refers to the requirement that claims be warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *Id.* Although it is difficult to understand the precise purpose, rationale or legal basis for his Motion, Defendant Villanueva's seems to want to challenge the veracity of Plaintiffs' allegations Fed. R. Civ. P. 11(b)(3) rather than under Fed. R. Civ. P. 11(b)(2). Thus, Plaintiffs will address whether Defendant Villanueva has demonstrated that they or their counsel violated Fed. R. Civ. P. 11(b)(3).[4]

Defendant Villanueva failed to provide sufficient support for his allegation that the factual allegations contained in the Complaint are false.[5] Among the documents provided to the Court, by way of example, Defendant Villanueva offers photographs of Plaintiffs in a variety of locations as support for his allegation.[6] Def.'s Mot. Dismiss ¶ 12. Photographs of Plaintiffs do

---

[4] Should this Court determine that Defendant Villanueva's Motion was under another section of Rule 11, Plaintiffs request the opportunity to provide an additional response.

[5] In his Motion, Defendant Villanueva makes serious and unsupported allegations regarding Plaintiffs' counsel's conduct. While they will not take action at this time, Plaintiffs' counsel note that Defendant Villanueva's conduct in this regard could itself possibly provide the basis for seeking Rule 11 sanctions.

[6] Should the Court decline to strike the Motion and choose instead to convert it to a Rule 11 Motion, Plaintiffs request the opportunity to respond more fully to each of the factual allegations and documents submitted by Mr. Villanueva.

12

not disprove their allegations. If anything, the photographs confirm that Plaintiffs were in the locations they allege to have been; for example, at the Glen Head Country Club, Muttontown Country Club, at Defendants' office and in Defendants' housing. *Id.* Defendant Villanueva also states that "Defendants are fully adults." *Id.* ¶ 14. Plaintiffs do not dispute that they were over 18 during the time period relevant to this action. Plaintiffs' ages are irrelevant to the truthfulness of their allegations.

Defendant Villanueva goes on to assert that "Plaintiffs were holding in their possessions at all times, all their passports with corresponding USCIS 1-94 entry attached to it. No one took Plaintiffs Passport and I-94 entry document from them." *Id.* ¶ 18. However, the sole evidentiary support offered by Defendant Villanueva are copies of Plaintiffs' visas and I-94 Forms. His possession of these documents, or copies of them, does nothing to support his assertion.

Defendant Villanueva incorrectly accuses Plaintiffs' counsel of "falsely" stating a date in the Complaint. *Id. ¶* 19. In their Complaint, Plaintiffs allege "Star One's Application for Alien Employment Certification, a form that must be submitted to the U.S. Department of Labor in order to secure H-2B guestworkers, *signed by Defendant Hague on February 28, 2006*, stated that the 31 guestworkers sought would be employed as waiters and waitresses at Boca Woods Country Club." Complaint *¶* 43 (emphasis added), attached as Exhibit B. Even if he had been correct, Defendant Villanueva's assertion would have done little to undermine Plaintiffs' allegations. If anything, the document referred to provides documentary support for Plaintiffs' allegations.[7]

---

[7] Defendant Villanueva goes on to raise several other issues irrelevant to his Motion. Whether parties seek to offer trial testimony *de bene esse* is irrelevant to a Rule 11 Motion. Def.'s Mot. Dismiss *¶* 20. Similarly, Plaintiffs' responses to Defendant Villanueva's interrogatories were signed in compliance with the Federal Rules of Civil Procedure. *Id. ¶* 21. Even if Plaintiffs had failed to do so, that failure would be insufficient grounds for seeking dismissal of their claims.

As noted above in Footnote 4, we have addressed just a selection of the arguments and documents made by Defendant Villanueva. Taken together, however, all of his documents and arguments fail to sufficiently substantiate Defendant Villanueva's serious allegations against Plaintiffs and their counsel.

 C. <u>Had Plaintiffs or their Counsel Violated Rule 11, Dismissal of the Complaint would not be the Appropriate Sanction.</u>

If this Court were to find that Plaintiffs or their counsel violated Rule 11, dismissal of Plaintiffs' claims would not be the appropriate sanction. Sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Dismissal with prejudice is a "sanction of last resort" and only appropriate when the court finds "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) *quoting Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) and *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1339 (11th Cir. 2005). Only if there were such a record would dismissal be the proper sanction, and in this case there is no evidence whatsoever.

 V. **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendant Villanueva's Motion to Dismiss, deny Defendant Villanueva's request to file a supplemental motion, and enter a default judgment against Defendant Villanueva for failure to comply with this Court's Order. In the alternative, Plaintiffs request that the Court deny Defendant

---

Defendant Villanueva also attempts to convince the court that Plaintiffs' allegations are false because they were subject to coercion of Defendants' disgruntled former employee, Santiago "Ted" Ravelo. *Id. ¶* 31. Even if Mr. Ravelo were a disgruntled former employee who had engaged in prior misconduct, this would not prove that Plaintiffs' allegations were false.

14

Villanueva's Motion, order him to file his answer promptly and to pay reasonable attorneys' fees and costs.

Dated: August 26, 2011                                            Respectfully Submitted,


/s/ Gregory S. Schell
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
FLORIDA LEGAL SERVICES, INC.
508 Lucerne Avenue
Lake Worth, FL 33460-3819
Telephone: (561) 582-3921
Facsimile: (561) 582-4884
Email: Greg@Floridalegal.org


/s/ Annie Smith
Annie Smith
Visiting Associate Clinical Professor of Law
George Washington University Law School
International Human Rights Clinic
2000 G Street, NW
Washington, DC 20052
Telephone: (202) 994-7659
Facsimile: (202) 994-4693


/s/ Theresa Harris
Theresa Harris, Executive Director

/s/ Allison Lefrak
Allison Lefrak, Litigation Director

/s/ Lynsay Gott
Lynsay Gott, Program Director

World Organization for Human Rights USA
2029 P Street NW, Suite 202
Washington, DC 20036

Telephone: (202) 296-5702
Facsimile: (202) 296-5704


Counsel for Plaintiffs