UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-80771-CIV-RYSKAMP\VITUNAC

ROY MAGNIFICO, et al.,

    Plaintiffs,

vs.

ROBERTO VILLANUEVA, REDELINA FERNANDEZ, STAR ONE STAFFING, INC., STAR ONE STAFFING INTERNATIONAL, MARY JANE HAGUE, JOHN CARRUTHERS and RUTH CARRUTHERS,

    Defendants.
_____/

## RENEWED JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiffs and Defendants Star One Staffing Inc., Star One Staffing International, Mary Jane Hague, John Carruthers and Ruth Carruthers ("Non-Defaulting Defendants"), by and through their respective undersigned counsel, hereby file this Renewed Joint Motion to Approve Confidential Settlement Agreement and to Dismiss with Prejudice.

### PRELIMINARY STATEMENT

Plaintiffs filed their Complaint on or about June 30, 2010. Plaintiffs allege, *inter alia*, that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay for their minimum wage and overtime hours worked. Non-Defaulting Defendants deny any wrongdoing under the FLSA, or any other basis, and deny that they owe Plaintiffs any additional compensation. However, to avoid the costs and uncertainty of litigation, the parties have negotiated a settlement in this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised

only with the approval of the district court or the Secretary of Labor.  Accordingly, the parties request that the Court approve the terms of the settlement agreement, a copy of which is attached as Exhibit "A."

## ARGUMENT AND CITATION OF AUTHORITY

> THE SETTLEMENT AGREEMENT NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIM IN THIS MATTER. ACCORDINGLY, THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT.

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350.  To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *See id.*

Plaintiffs filed this lawsuit against Defendants alleging, *inter alia*, that Defendants violated the FLSA by failing to pay them for minimum wages and overtime hours worked. Default has been entered against Defendants Roberto Villanueva and Redelina Fernandez ("Defaulting Defendants"). With the assistance of a professional mediator, Plaintiffs and Non-Defaulting Defendants ("the Parties") engaged in extensive settlement negotiations regarding Plaintiffs' asserted claims and based on their independent calculations. The Parties voluntarily agreed to the terms of their proposed Settlement Agreement during negotiations. All parties were represented by their respective attorneys throughout the litigation and settlement process. The Court need not review the issue of whether the amount of attorney's fees sought by Plaintiffs' counsel is reasonable as the proposed Settlement Agreement makes clear that Plaintiffs' counsel do not seek to recover fees or costs. The Parties have agreed to settle this dispute through the

execution of a Settlement Agreement between Non-Defaulting Defendants and Plaintiffs. The Parties have agreed to the following:

A. Non-Defaulting Defendants will pay Plaintiffs an amount that the Parties stipulate is a fair and reasonable amount. Plaintiffs' counsel will not recover any fees or costs from the settlement payment.

B. Non-Defaulting Defendants do not admit liability or wrongdoing under the FLSA, or any other basis.

C. The Parties have agreed to release each other from liability for any claims that were brought or that could have been brought as a part of this lawsuit.

D. Plaintiffs have agreed to dismiss their claims against Non-Defaulting Defendants with prejudice with the district court to retain jurisdiction to enforce the terms of the settlement. Plaintiffs are permitted to continue to pursue their claims against Defaulting Defendants.

E. Non-Defaulting Defendants have agreed not to reemploy or otherwise engage Defaulting Defendants in the recruitment, supervision or employment of workers in the future.

F. The terms of the Settlement Agreement are contingent upon approval by the Court.

The Parties agree that the above-delineated settlement terms represent a fair and equitable resolution of this matter. Accordingly, the Parties respectfully request that the Court enter an Order approving the terms of the settlement of Plaintiffs' claims, and dismissing this action with prejudice as to Non-Defaulting Defendants and that this Court shall retain jurisdiction to enforce the terms of the settlement and so that Plaintiffs may file a Motion for Default Judgment against Defendants Roberto Villanueva and Redelina Fernandez within 90 days of the date of this Court's Order.

Dated:  June 15, 2012

| | |
|---|---|
| Migrant Farmworker Justice Project<br>508 Lucerne Avenue<br>Lake Worth, FL 33460-3819<br>Telephone:  (561) 582-3921<br>Facsimile:  (561) 582-4884<br><br>By:   /s/ Gregory S. Schell<br>      Gregory S. Schell<br>      Florida Bar No.: 287199<br>      greg@floridalegal.org | GrayRobinson, P.A.<br>1221 Brickell Avenue, Suite 1600<br>Miami, FL 33131<br>Telephone:  (305) 416-6880<br>Facsimile:  (305) 416-6887<br><br>By:   /s/ Marlene Quintana<br>      Marlene Quintana<br>      Florida Bar No.: 88358<br>      marlene.quintana@gray-robinson.com |

George Washington University Law School
International Human Rights Clinic
2000 G Street, N.W.
Washington, DC 20052
Telephone:  (202) 994-7659
Facsimile:  (202) 994-4693

By:   /s/ Annie Smith
      Annie Smith
      (Admitted Pro Hac Vice)
      absmith@law.gwu.edu