UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 10-CV-80771-RYSKAMP/HOPKINS

ROY MAGNIFICO et al.,

    Plaintiffs,

v.

ROBERT VILLANUEVA et al.,

    Defendants.

                                /

## FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon on Plaintiffs' motion for final default judgment **[DE 127]** filed on July 30, 2012. Defendants have not responded, and the time to do so has expired. This matter is ripe for adjudication.

Plaintiffs seek damages from Defendants Roberto Villanueva ("Villaneuva") and Redelina Fernandez ("Fernandez") for forced labor and human trafficking under the Trafficking Victims Protection Reauthorization Act ("TVPA"), 18 U.S.C. §§ 1589, 1590, 1595, the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c),(d), and the Fair Labor Standards Act ("FSLA"), 19 U.S.C. §§ 201 *et. seq.* In addition, Plaintiffs seek damages for violations of both federal and state fair labor laws for denial of overtime compensation and other common law claims.

Plaintiffs' complaint alleges that Villanueva and Fernandez fraudulently recruited Plaintiffs from the Philippines and the United States to work for Defendants in country clubs and hotels in Florida and New York. While working for Defendants, Plaintiffs allege they were

1

forced to live in severely overcrowded housing, work overtime hours without compensation, accept exorbitant monthly deductions from their paychecks for food, housing, and transportation—all which was promised to be provided free of charge, and they were pressured to comply with Defendants' demands through threats of arrest, imprisonment, deportation, loss of work, and black-listing.  As a result, Plaintiffs allege they lived in constant fear of Defendants and believed they had no choice other than to obey their orders and continue working.

A Clerk's default was entered against Fernandez on December 26, 2010.  *See* **[DE 46]**.  A Clerk's default was entered against Villanueva on November 1, 2011.  *See* **[DE 100]**.  The Court may thus accept as true Plaintiffs' well-pled allegations of fact, which Defendants may not contest on appeal.  *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).  Upon careful consideration of the motion, applicable law, and pertinent portions of the record, the Court finds that Plaintiffs have sufficiently stated a claim against Defendants under the TVPA, ATS, RICO, FLSA, and under Florida state and common law claims.  As such, default judgment is warranted under Rule 55 of the Federal Rules of Civil Procedure.  It is hereby

**ORDERED AND ADJUDGED** that Plaintiffs' motion for final default judgment **[DE 127]** is **GRANTED**.  **FINAL DEFAULT JUDGMENT** is entered in favor of Plaintiffs and against Defendants Roberto Villanueva and Redelina Fernandez, jointly and severally, in the following amounts:

1. $809,517.41 to Plaintiff Jose Auingan;
2. $818,582.04 to Plaintiff Robert Bautista;
3. $755,501.50 to Plaintiff Aries Caluya;
4. $890,234.41 to Plaintiff Irene David;
5. $556,438.29 to Plaintiff Percival De Quiros;
6. $883,857.89 to Plaintiff Denlit Fausto;

7. $774,471.90 to Plaintiff Jeanette Halup;

8. $787,338.91 to Plaintiff Arnold Laxamana;

9. $822,013.63 to Plaintiff Roma Lim;

10. $775,910.54 to Plaintiff Lucille Liwag;

11. $890,854.67 to Plaintiff Roy Magnifico;

12. $777,453.11 to Plaintiff Aris Ordonez;

13. $446,237.70 to Plaintiff Bonifacio Ramos;

14. $1,283,018.09 to Plaintiff Cesar Ramos;

15. $751,991.86 to Plaintiff Rezza Real;

16. $342,208.32 to Plaintiff Ritche Relampagos;

17. $516,766.37 to Plaintiff Ross Ripotola;

18. $663,527.17 to Plaintiff Raul Rueda;

   For a total judgment of **$13,545,923.81**.

The Clerk of Court is direct to **CLOSE** this case and **DENY** any pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 1 day of November, 2012.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE